**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION**

| | |
|---|---|
| ROSIE LEE, : | |
|     Plaintiff, : | |
| vs. : | 1:04-CV-195 (WLS) |
| HUTTIG BUILDING PRODUCTS, INC., : | |
| and PACIFIC EMPLOYERS' : | |
| INSURANCE COMPANY, : | |
|     Defendants. : | |

## ORDER

Presently pending before the Court are Defendant Pacific Employers' Insurance Company's ("Pacific") motions for leave to file an out of time answer (Tab 7) and to dismiss the complaint. (Tab 9). Also, pending is Plaintiff's motion for default judgment as to Defendant Pacific. (Tab 17). A hearing was held on the motion on May 10, 2005. At the hearing, the parties were granted an additional thirty (30) days in which to file additional briefs. Pacific filed a brief on May 20, 2005. (Tab 31). Plaintiff has not filed a supplemental brief as requested by Plaintiff at the hearing. The time for filing additional briefs has expired. For the following reasons, Defendant's motion for leave to file an out of time answer (Tab 7) is **GRANTED,** and Defendant's motion to dismiss (Tab 9) is **GRANTED.** Plaintiff's motion for a default judgment (Tab 17) is **DENIED.**

## DISCUSSION

This lawsuit arises out of a motor vehicle accident involving Plaintiff that occurred on or about July 23, 2003. Plaintiff was traveling on Liberty Expressway in Albany, Georgia, when she collided with a guardrail. According to Plaintiff, the collision was caused by the negligent driving of Davis Mathis, an employee of Defendant Huttig Building Products, Inc. ("Huttig"). Plaintiff asserts damages in the amount of at least $350,000. Should her damages exceed $1 million, then the excess damages would be paid by Defendant Pacific.

On March 25, 2005, Plaintiff settled her claim against Huttig for $25,000 and provided a full release to Huttig. Part of the Settlement Agreement requires Plaintiff to indemnify Huttig from any claims that may or could be brought against Huttig, including any subrogated interest. Pacific

has a subrogated interest up to the amount of Huttig's deductible in the amount of $1 million.

The instant action was filed in the State Court of Dougherty County, Georgia, on November 18, 2004.  On or about December 1, 2004, the action was properly served on Defendant Huttig.  Subsequently, Huttig moved to remove the case to federal court on December 30, 2004.

Pacific's registered agent was served a copy of the suit on December 14, 2004, but failed to inform Pacific of the suit.  Pacific was not served with notice of removal and did not actually become aware of the suit until February, 2005.  The registered agent was registered agent for numerous corporations, including Defendant Huttig.  While recognizing the claim against his client Huttig, the agent failed to note that Defendant Pacific was also a client that was being sued directly.  As a result, he failed to note that Pacific might need to file a separate answer.  As a result of the error, the claim proceeded through the channels as if Huttig, insured by Pacific, was the only Defendant. As a result of a routine e-mail, on February 2, 2005, to the adjuster handling the Huttig claim, Pacific's agents were told that Pacifc had not been served and that Huttig's attorney had refused to represent Pacific's interest because of a conflict.  The Pacific adjuster was advised to monitor the file for the perfection of service.

On February 4, 2005, counsel for Huttig notified Pacific that Pacific had indeed been served.  Huttig's counsel provided the incorrect service date of December 4, 2004.  On the same date, Pacific retained counsel and by checking the docket, determined that Pacific had actually been served on December 14, 2004. On February 9, 2005, Pacific filed its motion for leave to file an out of time answer (Tab 7), an answer (Tab 8), and its motion to dismiss.  (Tab 9).  Plaintiff's motion for default was filed on February 25, 2005.  (Tab 17).

## ANALYSIS

Defendant's motion for leave to file an out of time answer (Tab 7) and Plaintiff's motion for default are the opposite sides of the same coin. (Tab 17).   Therefore, the motions will be addressed together.

Default judgments are not generally favored.  Instead federal courts prefer that cases be decided on the merits.  Robert Ochoa v.  Principal Mut. Ins. Co., 144 F.R.D. 418 (N.D.Ga. 1992).  Upon a showing of good cause, the court should reopen a default.  Ochoa, 144 F.R.D. at 420.

The court has wide discretion in determining whether good cause has been shown to warrant the reopening of a default. Rasmussen v. W.E. Hutton & Co., 68 F.R.D. 231 (N.D. Ga 1975). "Courts have considered several factors in determining whether the defaulting party has shown good cause, including whether the defaulting party has a meritorious defense, whether it acted promptly to cure the default, whether the default was wilful, and whether the non-defaulting party would be prejudiced." Ochoa, 144 F.R.D. at 420.

In the present case, Pacific has a meritorious defense and has filed a motion to dismiss. It is clear that once Pacific became aware of the default, it promptly sought to cure the default. The reason for Pacific's default was not wilful but the result of mistakes of third-party agents of Pacific. It does not appear that Plaintiff would be prejudiced because no discovery or other proceedings have taken place. Lastly, the Clerk's entry of default and Plaintiff's motion for default were filed after Pacific sought to cure the default. Therefore, the default is reopened, Defendant's motion to file an out of time answer (Tab 7) is **GRANTED,** and Plaintiff's motion for a default judgment (Tab 17) is **DENIED.**

Defendant also filed a motion to dismiss for failure to state a claim. (Tab 9). At oral argument Pacific argued the merits of its motion and also raised the defense of "circular indemnity." As a result of Pacific's arguments, Plaintiff requested and was allowed an additional 30 days to respond to Pacific's motion to dismiss and Pacific was allowed to brief the issue of circular indemnity. Plaintiff has failed to file a response to the motion to dismiss or a brief on the issue of circular indemnity. Plaintiff has also failed to timely seek any extension of time to respond to said motion.

The Court notes that a pre-answer motion to dismiss should not be granted unless it is clear from the pleadings that the plaintiff can prove no set of facts that would support her claim for relief. Brooks v. Blue Cross & Blue Shield, 116 F.3d 1364, 1369 (11th Cir. 1997). Such motions are viewed with disfavor and rarely granted. Brooks, 116 F.3d at 1369. This Court is required to accept well pled allegations as true and is required to draw all inferences in favor of the Plaintiff.

A review of the complaint, even in the light most favorable to Plaintiff, reveals that she has pled no cause of action against Pacific. Plaintiff alleges that Pacific is a proper party to this action

pursuant to O.C.G.A. § 46-7-12(e).  O.C.G.A. § 46-7-12 subsection (e), does not exist.  On its face the complaint is without merit.

Even so, O.C.G.A. § 46-7-12 does provide a direct action against an insurer of a common carrier.  It serves as a sort of surety bond to protect the public should the insured breach the terms of the policy.  Spicer v. American Home Assurance Co., 292 F.Supp. 27 (N.D. Ga. 1967); Progressive Casualty Co. v. Bryant, 205 Ga. App. 164 (1992).  The statute requires that the Plaintiff prove that the insurance policy has been filed with and approved by the Public Service Commission. Progressive Casualty Ins. v. Scott, 188 Ga. App. 371 (1988).  In the present case, Plaintiff fails to plead that Huttig is a common carrier or that Pacific's policy has been filed, much less approved by the Public Service Commission.

As noted, Plaintiff has not responded to the motion to dismiss, except at oral argument to ask for more time to brief the matter.  The additional time for briefing has expired.  Further, Pacific raises an additional defense, which may also support dismissal of the complaint.  As Plaintiff's complaint fails to state a claim against Defendant Pacific, there is no need to address the additional grounds to dismiss.  Therefore, Pacific's motion to dismiss (Tab 9) is **GRANTED.**  As Plaintiff has already stipulated to the dismissal of Huttig and the Court having approved of said dismissal (Tab 27), the Clerk is ORDERED to enter judgment in favor of Defendant Pacific.

**SO ORDERED**, this  6th  day of July, 2005.

    /s/W. Louis Sands
**W. LOUIS SANDS, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**