**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION**

| | |
|---|---|
| ROSIE LEE, :  :  Plaintiff, :  :  vs. :    1:04-CV-195 (WLS)  :  HUTTIG BUILDING PRODUCTS, INC., :  and PACIFIC EMPLOYERS' :  INSURANCE COMPANY, :   :   Defendants. : | |

## ORDER

Presently pending before the Court are Defendant Pacific Employers' Insurance Company's ("Pacific") motions for leave to file an out of time answer (Tab 7) and to dismiss the complaint. (Tab 9). Also, pending is Plaintiff's motion for default judgment as to Defendant Pacific. (Tab 17). A hearing was held on the motion on May 10, 2005. At the hearing, Pacific was granted 10 days to file a supplemental brief and Plaintiff 30 days thereafter to supplement her response. (Transcript). Pacific filed a brief on May 20, 2005. (Tab 31). The Court misread its notes from the hearing and believed the time for Plaintiff to file her supplemental brief expired 30 days after the hearing, *i.e.*, approximately June 10, 2005. Based on this error the Court issued its first opinion resolving the pending motions. (Tab 39). The opinion was withdrawn once the scheduling error was brought to the Court's attention. (Tabs 41). Plaintiff filed a timely response and Pacific has since filed a surreply brief. (Tab 37, 43). The briefing schedule has now been completed and the Court has carefully considered all the briefs submitted by Plaintiff and Defendant. For the following reasons, Defendant's motion for leave to file an out of time answer (Tab 7) is **GRANTED,** and Defendant's motion to dismiss (Tab 9) is **GRANTED.** Plaintiff's motion for a default judgment (Tab 17) is **DENIED.**

## DISCUSSION

This lawsuit arises out of a motor vehicle accident involving Plaintiff that occurred on

1

or about July 23, 2003. Plaintiff was traveling on Liberty Expressway in Albany, Georgia, when she collided with a guardrail. According to Plaintiff, the collision was caused by the negligent driving of Davis Mathis, an employee of Defendant Huttig Building Products, Inc. ("Huttig"). Plaintiff asserts damages in the amount of at least $350,000. Should her damages exceed $1 million, then the excess damages would be paid by Defendant Pacific.

On March 25, 2005, Plaintiff settled her claim against Huttig for $25,000 and provided a full release to Huttig. Part of the Settlement Agreement requires Plaintiff to indemnify Huttig from any claims that may or could be brought against Huttig, including any subrogated interest. Pacific has a subrogated interest up to the amount of Huttig's deductible in the amount of $1 million.

The instant action was filed in the State Court of Dougherty County, Georgia, on November 18, 2004. On or about December 1, 2004, the action was properly served on Defendant Huttig. Subsequently, Huttig moved to remove the case to federal court on December 30, 2004.

Pacific's registered agent was served a copy of the suit on December 14, 2004, but failed to inform Pacific of the suit. Pacific was not served with notice of removal and did not actually become aware of the suit until February, 2005. The registered agent was registered agent for numerous corporations, including Defendant Huttig. While recognizing the claim against his client Huttig, the agent failed to note that Defendant Pacific was also a client that was being sued directly. As a result, he failed to note that Pacific might need to file a separate answer. As a result of the error, the claim proceeded through the channels as if Huttig, insured by Pacific, was the only Defendant. As a result of a routine e-mail, on February 2, 2005, to the adjuster handling the Huttig claim, Pacific's agents were told that Pacific had not been served and that Huttig's attorney had refused to represent Pacific's interest because of a conflict. The Pacific adjuster was advised to monitor the file for the perfection of service.

On February 4, 2005, counsel for Huttig notified Pacific that Pacific had indeed been served. Huttig's counsel provided the incorrect service date of December 4, 2004. On the

same date, Pacific retained counsel and by checking the docket, determined that Pacific had actually been served on December 14, 2004. On February 9, 2005, Pacific filed its motion for leave to file an out of time answer (Tab 7), an answer (Tab 8), and its motion to dismiss. (Tab 9). Plaintiff's motion for default was filed on February 25, 2005. (Tab 17).

## ANALYSIS

Defendant's motion for leave to file an out of time answer (Tab 7) and Plaintiff's motion for default are the opposite sides of the same coin. (Tab 17). Therefore, the motions will be addressed together.

Default judgments are not generally favored. Instead federal courts prefer that cases be decided on the merits. Robert Ochoa v. Principal Mut. Ins. Co., 144 F.R.D. 418 (N.D.Ga. 1992). Upon a showing of good cause, the court should reopen a default. Ochoa, 144 F.R.D. at 420.

The court has wide discretion in determining whether good cause has been shown to warrant the reopening of a default. Rasmussen v. W.E. Hutton & Co., 68 F.R.D. 231 (N.D. Ga 1975). "Courts have considered several factors in determining whether the defaulting party has shown good cause, including whether the defaulting party has a meritorious defense, whether it acted promptly to cure the default, whether the default was wilful, and whether the non-defaulting party would be prejudiced." Ochoa, 144 F.R.D. at 420.

In the present case, Pacific has a meritorious defense and has filed a motion to dismiss. It is clear that once Pacific became aware of the default, it promptly sought to cure the default. The reason for Pacific's default was not wilful but the result of mistakes of third-party agents of Pacific. It does not appear that Plaintiff would be prejudiced because no discovery or other proceedings have taken place. Lastly, the Clerk's entry of default and Plaintiff's motion for default were filed after Pacific sought to cure the default. Therefore, the default is reopened, Defendant's motion to file an out of time answer (Tab 7) is **GRANTED,** and Plaintiff's motion for a default judgment (Tab 17) is **DENIED.**

Defendant also filed a motion to dismiss for failure to state a claim. (Tab 9). At oral argument Pacific argued the merits of its motion and also raised the defense of "circular

indemnity." Pacific has since briefed the issue of "circular indemnity." The Court notes that a pre-answer motion to dismiss should not be granted unless it is clear from the pleadings that the plaintiff can prove no set of facts that would support her claim for relief. Brooks v. Blue Cross & Blue Shield, 116 F.3d 1364, 1369 (11th Cir. 1997). Such motions are viewed with disfavor and rarely granted. Brooks, 116 F.3d at 1369. This Court is required to accept well pled allegations as true and is required to draw all inferences in favor of the Plaintiff.

A review of the complaint, even in the light most favorable to Plaintiff, reveals that she has pled no cause of action against Pacific. Plaintiff alleges that Pacific is a proper party to this action pursuant to O.C.G.A. § 46-7-12(e). O.C.G.A. § 46-7-12 subsection (e), does not exist. On its face the complaint is without merit.

Even so, O.C.G.A. § 46-7-12 does provide a direct action against an insurer of a common carrier. It serves as a sort of surety bond to protect the public should the insured breach the terms of the policy. Spicer v. American Home Assurance Co., 292 F.Supp. 27 (N.D. Ga. 1967); Progressive Casualty Co. v. Bryant, 205 Ga. App. 164 (1992). The statute requires that the Plaintiff prove that the insurance policy has been filed with and approved by the Public Service Commission. Progressive Casualty Ins. v. Scott, 188 Ga. App. 371 (1988). In the present case, Plaintiff fails to plead that Huttig is a common carrier or that Pacific's policy has been filed, much less approved by the Public Service Commission.

Plaintiff's supplemental response does not directly address Pacific's claim that the complaint as directed against Pacific fails to state a claim for relief, other than to state the generally true statement that under certain conditions one can sue the insurer of the common carrier. Instead, Plaintiff makes the unfounded argument that Pacific's alleged default would presumptively prove the negligence of Huttig. That is not the case because liability to Lee is not premised on Pacific's policy, but on the negligence of Huttig.

Further, Pacific raises an additional defense, "circular indemnity," which also supports dismissal of the complaint. The settlement agreement between Plaintiff and Huttig contains an indemnification agreement whereby Plaintiff would have to indemnify Huttig for any claims, including subrogation claims, brought against Huttig. As pointed out by Pacific,

4

it has a subrogated interest up to the amount of Huttig deductible, $1,000,000.  In other words, any claims paid out by Pacific for the negligence of Huttig to Plaintiff would have to be repaid by Plaintiff to Huttig up to the $1,000,000 deductible.  Thus, the name "circular indemnity."  Plaintiff only alleges damages in the amount of $350,000.  If Plaintiff receives $350,000[1] from Pacific, Pacific would then seek the amount from Huttig and Plaintiff would be obligated to pay that amount to Huttig.  Plaintiff fails to adequately address this defense other than to assert, without citation to any authority, that entry of default judgment against Pacific would prevent it from seeking reimbursement from Huttig. (Plt. Br. p. 6).  It is clear that even if Plaintiff could succeed in proving Pacific's liability, there would be no net recovery to Plaintiff.   Therefore, Pacific's motion to dismiss (Tab 9) is **GRANTED.**  As Plaintiff has already stipulated to the dismissal of Huttig and the Court having approved of said dismissal (Tab 27), the Clerk is ORDERED to enter judgment in favor of Defendant Pacific.

     **SO ORDERED**, this  16th  day of September, 2005.


                         /s/W. Louis Sands
                         **W. LOUIS SANDS, CHIEF JUDGE**
                         **UNITED STATES DISTRICT COURT**

---

[1]. Plaintiff has already settled her claims against Huttig for $25,000.